**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: ) | CHAPTER 7 |
| ) | Case No. 16-41421 (KHS) |
| James John Kirshbaum, ) | |
| Debtor. ) | |
| ) | **Adv. Pro. No. _____** |
| RockLoans Marketplace LLC d/b/a RocketLoans and Cross River Bank, ) | |
| Plaintiffs, ) | |
| v. ) | |
| James John Kirshbaum, ) | |
| Defendant. ) | |

**COMPLAINT AGAINST DEBTOR JAMES JOHN KIRSHBAUM**
**TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiffs RockLoans Marketplace LLC d/b/a RocketLoans, as loan servicer ("RocketLoans") and Cross River Bank, as lender ("Bank" and together with RocketLoans, the "Plaintiffs"), for their complaint against the Debtor / Defendant James John Kirshbaum (the "Defendant"), state and allege as follows:

1. This adversary proceeding arises under the bankruptcy case *In re James John Kirshbaum* filed under Case No. 16-41421 in the United States Bankruptcy Court for the District of Minnesota.

2. RocketLoans is a loan servicer with an office located at 1001 Woodward Avenue, Suite 1750, Detroit, MI 48226. Bank is a lender that customarily works with RocketLoans.

3. The Defendant is an individual residing at 9224 Olive Lane North, Maple Grove, MN 55311.

4. This Complaint is brought under Rule 7001 of the Bankruptcy Rules of Federal Procedure ("Bankruptcy Rule") and this action arises under 11 U.S.C. § 523.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § § 157 and 1334 and Bankruptcy Rule 7001. This Chapter 7 bankruptcy case (the "Case") was filed on May 11, 2016 (the "Petition Date"), and is now pending before this Court.

6. This is a core proceeding within the meaning of to 28 U.S.C. § 157(b)(2).

7. Plaintiffs bring this Complaint against Defendant to determine the dischargeability of his debt to Plaintiffs pursuant to 11 U.S.C. § 523 as described below.

**BACKGROUND FACTS**

8. Exactly ninety-one (91) days prior to the Petition Date, RocketLoans, as servicer, and Bank extended credit to the Defendant in reliance on certain fraudulent representations made by him as further set forth herein.

9. On February 4, 2016, Defendant submitted an electronic application on RocketLoans' web site for a loan and stated his annual income was $150,000. On the same date, Defendant electronically signed the RocketLoans' "Terms of Use" which states as follows at paragraphs 3 and 11: "Loan Requests- When you apply for a loan, you agree to provide current, complete, and accurate information about yourself." "In addition, you agree to notify RocketLoans of any changes in any information submitted in connection with your application."

10. On February 8, 2016, RocketLoans requested documents from Defendant for verification of his stated income of $150,000. In response, on February 10, 2016, Defendant uploaded to RocketLoans' web site a 2015 Form 1099-Misc. from American Family Mutual Insurance ("American Family") showing compensation paid to Defendant of $136,500. Defendant also provided a tax return showing business income of $252,916.

11. In reliance on the Defendant's representation regarding his current income, RocketLoans, as servicer, and Bank extended a loan to Defendant in the amount of $11,500 on February 10, 2016, as evidenced by a Promissory Note of the same date (the "Promissory Note").

12. Upon information and belief, the Defendant's representations regarding his current income were false.

13. Upon information and belief, the Defendant's contract with American Family, which was the Defendant's primary source of income, was terminated prior to his submitting his loan application to RocketLoans or prior to RocketLoans, as servicer, and Bank extending a loan on February 10, 2016.

14. On Schedule I of his bankruptcy schedules filed 3 months later, the Defendant represented his annual income was $18,000 or $1,500 per month. The schedules included an explanation that the Defendant "is looking for a job and hopes to be employed in the next 12 months" and that the Defendant "recently lost his contract with American Family."

## COUNT I
### (11 U.S.C. §523(a)(2)(A): False Pretenses, False Representation, and Actual Fraud)

15. Plaintiffs reallege paragraphs 1 through 14 hereinabove.

16. Section 523(a)(2)(A) of the Bankruptcy Code provides in relevant part that a debtor may not be discharged from any debt "for money, property [or] services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."

17. Defendant obtained money and extensions of credit from Plaintiffs by false pretenses, false representations and actual fraud.

18. Defendant falsely represented to Plaintiffs that he had an annual income of $150,000.

19. In fact, upon information and belief, the Defendant knew at the time he received the loan from Plaintiffs that his annual income had decreased significantly because he had lost his contract with American Family.

20. By representing to RocketLoans that he had current annual income of $150,000, the Defendant intentionally misrepresented his ability to repay the loan with RocketLoans, as servicer, and Bank, as lender.

21. The Defendant's false representations and omissions were made deliberately and intentionally for the purpose of inducing Plaintiffs to make a loan to the Defendant.

22. In reliance upon the Defendant's false representations and omissions, RocketLoans, as servicer, and Bank loaned the Defendant the total principal amount of $11,500.

23. As a proximate result of Plaintiffs' reliance on the Defendant's representations and omissions, Plaintiffs have suffered damages in the amount of $11,020.53.

24. By reason of the foregoing, the Defendant is liable to Plaintiffs in the amount of $11,020.53, together with accrued interest after the Petition Date owing under the terms of the Promissory Note and all attorneys' fees and costs incurred by Plaintiffs recoverable under the

terms of the Promissory Note, which debt constitutes a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A).

## COUNT II
### (11 U.S.C. §523(a)(2)(B):  False Statements in Writing)

25.    Plaintiffs reallege paragraphs 1 through 24 hereinabove.

26.    Section 523(a)(2)(B) of the Bankruptcy Code provides that a debtor may not be discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . use of a statement in writing . . . (i) that is materially false; (ii) respecting the debtor's . . . financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied;  and (iv) that the debtor caused to be made or published with intent to deceive."

27.    The Defendant obtained a loan from Plaintiffs through his use of an electronic loan application which, upon information and belief, contained materially false statements reflecting the Defendant's financial condition including his current income.  Upon information and belief, these false statements include, but are not limited to, Defendant' assertion that his annual income was $150,000 and his use of the 1099-Misc from American Family for purposes of verifying his current, annual income (collectively, the "False Statements").

28.    Upon information and belief, at the time the Defendant made the False Statements, the Defendant's annual income was significantly less than $150,000 because the Defendant had already lost his contract with American Family.

29.    Defendant's False Statements in the electronic loan application that was electronically signed by him were, upon information and belief, made deliberately and intentionally for the purpose of deceiving Plaintiffs and inducing them to make a loan to the Defendant.

5

30. In reliance upon the Defendant's false representations in writing, RocketLoans, as servicer, and Bank made a loan to the Defendant.

31. As a proximate result of Plaintiffs' reliance on the Defendant's false representations in his electronic application and the documents submitted by the Defendant in support thereof, Plaintiffs have suffered damages in the amount of $11,020.53 as of the Petition Date.

32. By reason of the foregoing, the Defendant is liable to Plaintiffs in the amount of $11,020.53, together with interest accruing after the Petition Date at the rate set forth in the Promissory Note and all attorneys' fees and costs incurred by Plaintiffs recoverable under the terms of the Promissory Note, which debt constitutes a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, Plaintiffs respectfully request:

(1) For a judgment against the Defendant James John Kirshbaum and in favor of Plaintiffs in the amount of $11,020.53, together with interest accruing after the Petition Date at the rate set forth in the Promissory Note and all attorneys' fees and costs incurred by Plaintiffs recoverable under the terms of the Promissory Note;

(2) For a declaration that the Defendant's debt to Plaintiffs is excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(2)(B); and

(3) Such other relief as the Court shall deem just and equitable under the circumstances.

Dated: August 15, 2016            **MASLON LLP**

                                    By:  /e/ Amy J. Swedberg
                                          Amy J. Swedberg (Atty No. 271019)
                                          3300 Wells Fargo Center
                                          90 South Seventh Street
                                          Minneapolis, MN  55402
                                          (612) 672-8200

                                **ATTORNEYS FOR PLAINTIFFS**